**UNITED STATES of America,**
**Appellee,**

v.

**Nathan KELLY, also known**
**as Heavy, Defendant,**

**Mustapha Maisonneuve, also known as**
**Mustafa, also known as Gregory**
**Batiste, Defendant–Appellant.**

**No. 00–1212.**

United States Court of Appeals,
Second Circuit.

Feb. 6, 2001.

Thomas J. Sherrer, Esq., Thomas J. Sherrer, P.C., Burlington, VT, for appellant.

John M. Conroy, Assistant United States Attorney; Charles R. Tetzlaff, United States Attorney for the District of Vermont, David V. Kirby, Chief, Criminal Division, on the brief, Burlington, VT, for appellee.

Present WALKER, Chief J., OAKES and PARKER, Circuit JJ.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Mustapha Maisonneuve appeals from a March 7, 2000 judg-

ment of the district court convicting him of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, violating the Travel Act, 18 U.S.C. § 1952(a)(3), and unlawful reentry into the United States after deportation, in violation of 8 U.S.C. § 1326, and sentencing Maisonneuve to 180 months' incarceration, lifetime supervised release, and a $150 special assessment. Maisonneuve appeals his conviction on the conspiracy and Travel Act counts and his sentence on the conspiracy count.

This case began with an investigation of drug dealing at an apartment at 259 North Winooski Avenue in Burlington, Vermont. In early January 1996, police had orchestrated several purchases of crack cocaine from persons working in the apartment, and on January 12, the police executed a search warrant there and questioned two young women involved in distributing crack from the apartment. Those women, Lenice Fullwood and Tomika Johnson, subsequently identified Maisonneuve as their drug supplier. Later on January 12, Fullwood agreed to call Maisonneuve while the police listened in, during which Maisonneuve indicated that he would be traveling from his home in Springfield, Massachusetts to Burlington the same day. At 1:00 AM the next morning, Maisonneuve entered the vestibule of 259 North Winooski, where, shortly thereafter, he was arrested by the Burlington police. Maisonneuve was arraigned in state court, but fled the state after being released on bail. He was subsequently rearrested and charged in federal court with the crimes of which he was eventually convicted, in addition to three counts of possession of cocaine with intent to distribute, under 21 U.S.C. § 841, of which he was eventually acquitted.

On January 22, ten days after Maisonneuve's arrest at 259 North Winooski, police received a call from a resident of the building, who that day had found a bag of crack under a rug in the vestibule where Maisonneuve was arrested. The bag contained 120 crack "rocks," the same quantity as Maisonneuve's other alleged deliveries.

At trial, Fullwood and Johnson testified against Maisonneuve. Johnson testified that Maisonneuve approached her with an offer to sell crack for him, in exchange for a share of the profits. She testified that he had made three deliveries of crack to her. Fullwood's mother, Patricia Johnson, also testified that she had seen Maisonneuve deliver a bag of crack to Fullwood's sister with direction that she give it to Johnson. Fullwood testified that Johnson asked Fullwood to help her in selling the crack, in exchange for part of Johnson's share of the profits. Fullwood also testified that she had paid Maisonneuve $2,000 at one point, the same portion of the proceeds from the crack sales that Johnson had agreed to pay Maisonneuve.

The jury returned a guilty verdict on the conspiracy, Travel Act, and unlawful reentry charges, but acquitted Maisonneuve of the § 841 charges. After an extensive sentencing hearing, the district court attributed to Maisonneuve 44 grams of crack, including that found in the vestibule on January 22. Finding that Maisonneuve had shown extraordinary rehabilitation during his detention, however, the district court departed downward and sentenced Maisonneuve concurrently to 180 months' incarceration on the conspiracy charge, 60 months' incarceration on the Travel Act charge, and 180 months on the unlawful reentry charge. Maisonneuve appealed, challenging only his conviction on the conspiracy and Travel Act counts and his sentence on the conspiracy count.

Maisonneuve first challenges the sufficiency of the evidence underlying his conspiracy and Travel Act convictions. As

we have often said, a defendant bears a "heavy burden" in making such a challenge. *See United States v. Bryce*, 208 F.3d 346, 352 (2d Cir.1999). We must affirm the conviction if, viewing the evidence most favorably to the prosecution, a jury could rationally return a guilty verdict. *See id.*

As described above, there was ample evidence supporting Maisonneuve's convictions. Several witnesses testified that he had supplied them with crack to sell, and another testified that she had seen a delivery being made. Johnson testified that she had entered an agreement with Maisonneuve that she would distribute crack in exchange for a share of the proceeds. Finally, Maisonneuve, a resident of Springfield, Massachusetts, was arrested in Burlington on what witnesses testified was an errand to collect money from the sale of crack. A reasonable jury crediting this testimony could readily find that he had participated in a conspiracy to sell cocaine and that he had crossed state lines to do so.

■ Maisonneuve also challenges the district court's decision to admit evidence of the package of crack found under the vestibule rug at 259 North Winooski Avenue ten days after Maisonneuve's arrest. Although the connection between Maisonneuve and this evidence was tenuous, the proffer need only have been supported by a rational basis for believing that the crack was his. *See United States v. Orena*, 32 F.3d 704, 715 (2d Cir.1994). There was evidence that the police had searched under the rug earlier in the day of Maisonneuve's arrest and had found nothing, that the bag found ten days later contained the same amount of crack as Maisonneuve had delivered on other occasions, and that the building had been locked for much of the period after execution of the search warrant. Although this is not conclusive evidence connecting Maisonneuve with the bag of crack, we believe it sufficiently tends to prove Maisonneuve culpable to justify admission. The jury was then free to consider any weakness of this evidence in evaluating the evidence as a whole. Indeed, the jury likely found a reasonable doubt that the vestibule crack was tied to Maisonneuve because it acquitted Maisonneuve on the possession counts.

■ Finally, Maisonneuve challenges his 180–month sentence on the conspiracy charge, arguing that the district court erred in attributing to him for sentencing purposes the crack found in the vestibule. In imposing sentence for a violation of 21 U.S.C. § 846, a district court need find by only a preponderance of the evidence that a particular quantity of drugs is attributable to the defendant. *See United States v. Cardenas*, 917 F.2d 683, 687 (2d Cir.1990). We review such a finding for clear error. *See United States v. Prince*, 110 F.3d 921, 924 (2d Cir.1997).

■ We believe that the vestibule crack was sufficiently connected to Maisonneuve that the district court could find by a preponderance of the evidence that it was attributable to him. That finding was certainly not clearly erroneous. But in any event, any error made in sentencing Maisonneuve on the conspiracy charge was harmless, for two reasons. First, Maisonneuve was sentenced to 180 months on the conspiracy charge and 180 months on the unlawful reentry charge, to be served concurrently. Because Maisonneuve has left the unlawful reentry conviction and sentence untouched on appeal, he would serve the same sentence regardless of whether we vacate the sentence on the conspiracy charge. Second, the district court departed downward in sentencing Maisonneuve on the conspiracy charge and stated on the record in the sentencing hearing that, even if his drug quantity calculation were re-

versed on appeal, Maisonneuve's sentence range would be above 180 months and on remand, he would depart again to impose a sentence of 180 months. In either event, then, a decision of this court vacating Maisonneuve's conspiracy sentence would not affect the length of the sentence he will serve. We therefore find any sentencing error to be harmless. *See United States v. Johnson*, 964 F.2d 124, 130–31 (2d Cir. 1992).

Accordingly, the judgment of the district court is hereby AFFIRMED.